NOT DESIGNATED FOR PUBLICATION

No. 128,033

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RANDOM WAYNE KIRK,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; KEVIN M. SMITH, judge. Submitted without oral argument. Opinion filed August 14, 2026. Affirmed in part, reversed in part, and remanded with directions.

*Merideth J. Hogan*, of Kansas Appellate Defender Office, for appellant.

*Chelsea Anderson*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.


Before GARDNER, P.J., MALONE and ATCHESON, JJ.


PER CURIAM:  In this appeal, Defendant Random Wayne Kirk challenges jury verdicts rendered in Sedgwick County District Court finding him guilty of felony fleeing or attempting to elude police officers and misdemeanor possession of an open container of alcohol that was accessible to him as the driver of a motor vehicle. We find that Kirk has presented no grounds warranting reversal of those verdicts and, therefore, affirm them and the resulting sentences the district court imposed. But the district court failed to sufficiently inquire into Kirk's financial circumstances before ordering him to reimburse

1

part of the fee paid to his appointed lawyer. We reverse that order and remand the fee issue to the district court for further proceedings.

FACTUAL AND PROCEDURAL HISTORY

After dark on a Saturday in late July 2020, Kirk was driving southbound on Grove Street in central Wichita when his SUV crossed the center line and nearly struck a marked Wichita police department cruiser traveling northbound. Officer Andrew Corlis turned the police car around and, with his fellow officer Cory Denton, began to pursue the SUV. The officers observed Kirk accelerate from an already high speed when Corlis engaged the lights and siren on the patrol car. They estimated Kirk hit speeds of between 55 and 60 miles an hour in the posted 30 m.p.h. zone. And they saw him run red lights at the intersections of 13th Street and Grove and 9th Street and Grove. Kirk slowed some. He tried to make a right turn from Grove on to a side street, struck the curb, and disabled his SUV. Another two-officer car joined Corlis and Denton at the scene. The officers ordered Kirk out of his vehicle.

Kirk had a handgun tucked in the waistband of his pants. The officers relieved him of the weapon. They found a bottle in the front seat of the SUV that Corlis later described as both "Pink Whitney liquor" and an "open container of alcohol." The bottle was photographed. Directly relevant to this appeal, the State charged Kirk with fleeing or attempting to elude police officers, a severity level 9 felony under K.S.A. 8-1568(b)(1)(D), and with transporting an open container of alcohol in a motor vehicle, an unclassified misdemeanor under K.S.A. 8-1599, punishable by a fine of up to $200 and not more than six months in jail. We outline the other charges against Kirk in our procedural history of the case.

That history includes an unusual twist. The case initially went to trial in front of a jury in mid-May 2022. Before trial, the district court entered an order in limine

2

precluding testimony or other evidence at trial that Kirk may have been driving under the influence of alcohol or drugs in violation of K.S.A. 8-1567 because he was never charged with that offense. During the State's case, one of the officers in the second responding police car testified that they called for an "Intoxilyzer van" that would have carried equipment to test a sample of Kirk's breath to determine if he were intoxicated. Citing a violation of the order in limine, Kirk's lawyer moved for a mistrial. After a short discussion with the lawyers, the district court granted the motion. So the State never presented all of its evidence in the first trial, and that jury never rendered verdicts.

The case was tried to a second jury in early October 2022. As we have said, that jury convicted Kirk of felony fleeing or attempting to elude and misdemeanor possession of an open container of alcohol in a motor vehicle. The jury also convicted Kirk of criminally carrying a weapon, a misdemeanor, for having the handgun; driving with a suspended license, a misdemeanor; and operating a motor vehicle with a tag not assigned to that vehicle, a general motor vehicle infraction. Kirk has not appealed any of those convictions, and they are irrelevant to the issues on appeal. The jury found Kirk not guilty of felony interference with a law enforcement officer.

About two months later, the district court sentenced Kirk and placed him on probation, reflecting a presumptive disposition under the sentencing guidelines for the felony fleeing or attempting to elude conviction. Kirk has appealed.

LEGAL ANALYSIS

For his first appellate issue, Kirk contends the district court deprived him of the opportunity to present his theory of defense in the second jury trial. Kirk wanted to impress on the jurors that the part of Wichita where he was driving had a "high incident" rate—a bureaucratic phrase for a lot of crime—so police vehicles frequently engaged

3

their lights and sirens. And, in turn, he did not realize that Corlis and Denton were trying to stop him, so he was not deliberately fleeing or trying to elude them.

During the first trial, Kirk's lawyer elicited some testimony from one of the police officers about the comparatively high crime rate in central Wichita along that part of Grove. The State did not then object. But when the lawyer took the same tack with another police officer, the prosecutor objected, and the district court sustained the objection on the grounds the testimony was not relevant.

Kirk now contends that his lawyer—in reliance on that ruling in the first trial—did not try to present the same evidence in the second trial. And the lawyer never made a proffer of such evidence for the record during the second trial. The point fails because Kirk's lawyer neither presented the issue to the district court in the second trial nor preserved the point for appellate review, and the rulings from the first trial do not provide a legally valid basis for having failed to do so. In short, Kirk never raised the issue in the second trial. As a result, we have no pertinent ruling adverse to Kirk from the second trial to consider now.

Kirk's contention rests on a misunderstanding of the legal effect of a mistrial. The Kansas Supreme Court has held that the grant of a mistrial renders that trial a legal nullity and any evidentiary rulings do not carry over to a retrial. *State v. Miller*, 293 Kan. 535, 554, 264 P.3d 461 (2011). That is, a mistrial places the parties in the positions they occupied before the trial—as if no trial had occurred. Accordingly, Kirk's lawyer could not have and should not have relied on the rulings made during the first trial as controlling the presentation of evidence in the retrial.

Moreover, under K.S.A. 60-405, a party has an obligation to proffer for the record the substance of any potential evidence the district court has excluded to preserve a claim that the ruling resulted in prejudicial error. In the absence of an appropriate proffer, an

4

appellate court cannot assess the significance of the excluded evidence. *State v. Love*, 305 Kan. 716, 724-25, 387 P.3d 820 (2017). Kirk failed to take the steps necessary in the second trial to establish a sufficient record for appellate review. See *State v. Kidd*, 293 Kan. 591, 601, 265 P.3d 1165 (2011) (party claiming error on appeal must furnish sufficient record supporting claim). His point, therefore, fails.

For his second issue, Kirk contends the district court erred in denying a motion he filed between the first trial and the retrial to dismiss the fleeing and attempting to elude charge for insufficient evidence. In arguing this claim to us, he parses the evidence presented during the first trial and attempts to show that it fails to support the elements of the crime. But the argument falters for essentially the same reason as his first point on appeal—the first trial became a legal nullity when the district court granted Kirk's motion for a mistrial. And he could not premise a posttrial motion for relief based on what happened (or didn't happen) during the first trial. The motion was not legally well-taken for that reason, and the district court properly denied it.

The point also fails for a second reason. What Kirk filed between the two trials amounted to a motion for a judgment of acquittal based on the State's evidence presented in the first trial. See K.S.A. 22-3419(3). Although Kirk characterized the motion as one to dismiss under K.S.A. 22-3208 or for arrest of judgment under K.S.A. 22-3502, it is neither since it necessarily relies on evidence presented during the first trial. A motion to dismiss typically rests on defects in the institution of the charges or the sufficiency of the complaint. And an arrest of judgment requires (not surprisingly) a judgment, but no judgment had been entered against Kirk when he filed the motion. We address motions and other filings based on their substance and not on the label the filing party may attach to their submission. *In re Estate of Heiman*, 44 Kan. App. 2d 764, Syl. ¶ 4, 241 P.3d 161 (2010).

Apart from the motion's apparent untimeliness, the request fails because the State never had the opportunity to complete its case-in-chief during the first trial. The district court granted Kirk's motion before the State had rested. A motion for a judgment of acquittal may be granted only after the close of the State's evidence or all of the evidence. K.S.A. 22-3419(1).

For his third appellate point, Kirk challenges the sufficiency of the evidence to support his conviction for having an open container of alcohol in his SUV. In reviewing a sufficiency challenge, we construe the evidence in a light most favorable to the party prevailing in the district court, here the State, and in support of the jury's verdict. An appellate court will neither reweigh the evidence generally nor make credibility determinations specifically. *State v. Aguirre*, 313 Kan. 189, 209, 485 P.3d 576 (2021); *State v. Jenkins*, 308 Kan. 545, Syl. ¶ 1, 422 P.3d 72 (2018); *State v. Butler*, 307 Kan. 831, 844-45, 416 P.3d 116 (2018). The issue for review is simply whether rational jurors could have found the defendant guilty beyond a reasonable doubt. 307 Kan. at 844-45; *State v. McBroom*, 299 Kan. 731, 754, 325 P.3d 1174 (2014). And circumstantial evidence alone may be sufficient to prove even the gravest crime. *State v. Douglas*, 313 Kan. 704, 716, 490 P.3d 34 (2021); *State v. Thach*, 305 Kan. 72, 84, 378 P.3d 522 (2016).

Here, in the second trial, the jurors saw photographs of the bottle taken from Kirk's SUV and heard Corlis describe it as "Pink Whitney" liquor and an open container of alcohol. The photographs show what appears to be a retail liquor bottle, and the liquid matches Corlis' description by color. Kirk offered no countering evidence as to what was in the bottle.

The evidence could have been stronger. The officers did not have the liquid tested for alcohol content, nor did they even offer testimony that an odor of alcohol emanated from the bottle. But this was not a red plastic cup ubiquitous at parties with some wholly unidentified liquid in it. The State presented enough evidence, though not necessarily a

6

whole lot more, to support the charge and, in turn, for us to affirm the jury's guilty verdict.

For his final appellate issue, Kirk contends that the district court insufficiently considered his financial circumstances before ordering him to reimburse the Board of Indigents' Defense Services (BIDS) for fees paid to his appointed lawyer. Under K.S.A. 22-4513(b), a district court must take account of a defendant's "financial resources" and "the burden" any ordered reimbursement may impose on the defendant. In making the statutory determination, the district court must ask the defendant about their sources of income and their debts or other obligations in a hearing for that purpose. *State v. Robinson*, 281 Kan. 538, 546-47, 132 P.3d 934 (2006).

Here, the district court relied solely on Kirk's representation that he earned about $2,000 a month without eliciting any information about any ongoing financial obligations, e.g., child support, or outstanding debts, e.g., unpaid medical bills or credit card balances. The inquiry was inadequate under K.S.A. 22-4513(b) and *Robinson*. We, therefore, reverse the BIDS reimbursement order and remand to the district court with directions to conduct an appropriate hearing on the amount, if any, Kirk should pay.

Affirmed in part, reversed in part, and remanded with directions.